[No. B026270. Second Dist., Div. Five. May 11, 1987.]

JAROSLAV J. MARIK, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
STANLEY FRIEDMAN, Real Party in Interest.

COUNSEL

Fleishman, Fisher & Moest, Barry A. Fisher and Michael B. Weisz for Petitioner.

No appearance for Respondent.

Levinson, Miller, Jacobs & Phillips and Stanton Lee Phillips for Real Party in Interest.

OPINION

FEINERMAN, P. J.—The issue in this original proceeding is whether an individual appointed by the court as a provisional director of a professional medical corporation must be a physician or other "licensed person" as that term is defined by Corporations Code sections 13401 and 13401.5.[1] Petitioner Jaroslav Marik, M.D., objects to an order of the respondent court appointing a retired judge as provisional director of the Tyler Medical Clinic, a professional corporation, owned jointly by Dr. Marik and Dr. Stanley Friedman.

We conclude that the respondent court erred. The matter having been fully briefed, issuance of an alternative writ would add nothing to the exposition of the issues. We therefore direct the issuance of a peremptory writ of mandate.

FACTS

Doctors Marik and Friedman each own 50 percent of the stock of the Tyler Medical Clinic and they are the corporation's only two directors.

In 1983, differences arose between the doctors and they could not agree on how the corporation was to be run. Dr. Friedman initiated a superior court action requesting the appointment of a provisional director. The court appointed Bruce Rolf, M.D., a candidate recruited by Dr. Friedman, who declined to serve after Dr. Friedman requested that he not accept the appointment. The court then appointed retired superior court judge Arthur K. Marshall, who served for several months. The court then appointed

---

[1]Corporations Code section 13400 et seq., is commonly known as the "Moscone-Knox Professional Corporation Act."

retired superior court judge Bernard Selber, who served from mid-1984 until he resigned in March 1986.

The corporation was without a provisional director until late 1986, when Dr. Friedman filed a motion requesting that the court appoint retired superior court Judge Robert Wenke to serve as provisional director. Dr. Marik opposed the appointment and requested that Dr. Bruce Rolf be appointed instead. The court granted Dr. Friedman's motion and denied Dr. Marik's motion for reconsideration in which he once again requested the appointment of Dr. Rolf. On February 18, 1987, the court entered its order appointing Judge Wenke. Dr. Marik filed a notice of appeal from that order and also filed the within petition asking that this court immediately resolve the issue. We determined that extraordinary relief was warranted in this case to insure the effective operation of the Tyler Medical Clinic.

## DISCUSSION

Corporations Code section 308 provides for the appointment of a provisional director in circumstances where a corporation has an even number of directors who are equally divided and cannot agree as to the management of the corporation's affairs, "so that its business can no longer be conducted to advantage or so that there is danger that its property and business will be impaired or lost, . . ." A provisional director must be an impartial person who is neither a shareholder nor a creditor of the corporation, "nor related by consanguinity or affinity within the third degree according to the common law to any of the other directors of the corporation or to any judge of the court by which such provisional director is appointed." (Corp. Code, § 308, subd. (c).) A provisional director has all of the rights and powers of the corporation's other directors. (*Ibid.*) The latter provision of section 308 has special implications in a case such as this one, where the corporation involved is a professional corporation subject to special statutory restrictions.

Business and Professions Code section 2408 provides: "Except as provided in Sections 13401.5 and 13403 of the Corporations Code, each shareholder, *director* and officer of a medical or podiatry corporation, except an assistant secretary or an assistant treasurer, shall be a licensed person as defined in Section 13401 of the Corporations Code." (Italics added.) Section 13401 defines "professional corporation" as "a corporation organized under the General Corporation Law which is engaged in rendering professional services in a single profession, except as otherwise authorized in Section 13401.5, pursuant to a certificate of registration issued by the governmental agency regulating the profession. . . . However, any professional corporation rendering professional services by persons duly licensed by the Board of

Medical Quality Assurance ... shall not be required to obtain a certificate of registration in order to render those professional services."[2]

Corporations Code section 13401.5 lists the "licensed persons," in addition to physicians, who may serve as shareholders, directors, officers or professional employees of a professional corporation. In the case of a medical corporation, those persons are licensed podiatrists, licensed psychologists, registered nurses, optometrists, licensed marriage, family and child counselors, licensed clinical social workers, and licensed physicians' assistants. Section 13403 provides a limited exception which is inapplicable to this case.[3]

■ Prior to the enactment of the Moscone-Knox Act in 1968, practitioners of certain professions were not permitted to incorporate, the prevailing case law being that a corporation, as an artificial entity, could not "practice" that profession. In his petition before this court, Dr. Marik articulates the concerns underlying the public policy against permitting lay persons to exercise control over decisions made by healing arts practitioners: that laymen, who are not bound by the ethical standards governing the profession, might seek to enhance the corporation's "commercial advantage" rather than conform to professional strictures. (See *California Physicians' Service* v. *Garrison* (1946) 28 Cal.2d 790, 810 [172 P.2d 4, 167 A.L.R. 306]; *Painless Parker* v. *Board of Dental Examiners* (1932) 216 Cal. 285 [14 P.2d 67]; *California Assn. of Dispensing Opticians* v. *Pearle Vision Center, Inc.* (1983) 143 Cal.App.3d 419, 427 [191 Cal.Rptr. 762].)

These public policy concerns were incorporated into the Moscone-Knox Act, which prohibits persons other than those answerable to the licensing authority of the particular profession from becoming shareholders or directors of a corporation engaged in rendering the services of that profession.

Dr. Friedman, in his answer to the petition (and in his opposition to Dr. Marik's motion for reconsideration below), acknowledges the statutory restrictions discussed above and the public policy reasons behind them: "One

---

[2]The regulations of the Board of Medical Quality Assurance relating to professional medical corporations require that "Each shareholder, *director* or officer" hold "a valid physician's and surgeon's certificate." (Cal. Admin. Code, tit. 16, § 1343, subd. (b), italics added.)

[3]Section 13403 provides: "The provisions of the General Corporation Law shall apply to professional corporations, except where such provisions are in conflict with or inconsistent with the provisions of this part. A professional corporation which has only one shareholder need have only one director who shall be such shareholder and who shall also serve as the president and treasurer of the corporation. The other officers of the corporation in such situation need not be licensed persons. A professional corporation which has only two shareholders need have only two directors who shall be such shareholders. The two shareholders between them shall fill the offices of president, vice president, secretary and treasurer."

need not be too imaginative to envision the possibility of non-medical persons owning a medical corporation and dictating how or in what manner medical services would be rendered or provided to patients. Clearly, the [L]egislature intended to preserve and protect the level of medical care provided and offered to the public by requiring that those persons having a proprietary interest in and to a medical professional corporation be medical persons (licensed persons) for very valid reasons." Dr. Friedman argues, however, that a provisional director is not a "true director" but merely a "statutorily created director" who has no proprietary interest in the corporation but merely exists to break deadlocks. Dr. Friedman offers several declarations, including his own, to the effect that the provisional directors appointed for the corporation thus far have made only "business," and not medical decisions. Dr. Friedman states that decisions regarding patient care are made only by him and Dr. Marik, who conduct separate and autonomous medical practices.

Dr. Friedman's argument overlooks a significant factor which is crucial here: in the case of a professional medical corporation, the directors may be called upon to render decisions which are purely "business" in nature, purely "medical" in nature, or a combination of both.[4] In a professional corporation, it is not always possible to divide the "business" side of the corporation from the part which renders professional services; "[t]he subject is treated as a whole." (*Painless Parker* v. *Board of Dental Examiners, supra,* 216 Cal. at p. 296.) The difficulty of having a "non-licensed" provisional director is pointed out in the declaration of Dr. Marik, submitted in support of his motion for reconsideration below. Dr. Marik states that since this action was commenced, the Board of Directors had been "routinely called upon" to resolve medical issues, but the provisional directors thus far appointed have declined to express an opinion on medical matters because they lacked sufficient expertise. As to those issues, the deadlock continues.

The Legislature has conferred upon the provisional director of a corporation the same rights and powers held by the corporation's other directors. A provisional director cannot function effectively unless he or she is capable of exercising those rights and powers to the same extent as the other directors. In the case of a professional corporation, this can only be achieved if the provisional director is subject to the same requirements and restrictions as the other directors.

---

[4]For example, the prospective purchase of a piece of radiological equipment could be impacted by business considerations (cost, gross billings to be generated, space and employee needs), medical considerations (type of equipment needed, scope of practice, skill levels required by operators of the equipment, medical ethics), or by an amalgam of factors emanating from both business and medical areas. The interfacing of these variables may also require medical training, experience, and judgment.

We therefore hold that the respondent court erred in appointing as provisional director of the Tyler Medical Clinic an individual who was not a "licensed person" as that term is defined in Corporations Code section 13401.5.

Let a peremptory writ of mandate issue directing the respondent court to vacate its "Order Appointing Provisional Director" filed February 13, 1987, and enter a new and different order consistent with the views expressed in this opinion.

This opinion is made final forthwith. Each party to bear its own costs.

Ashby, J., and Hastings, J., concurred.